UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Select Rehabilitation, LLC,   Case No. 3:24-cv-1704

        Plaintiff,

v.   ORDER

Care Core Health, LLC,

        Defendant.

On October 2, 2024, Plaintiff Select Rehabilitation, LLC invoked this Court's jurisdiction when filing this action. (Doc. No. 1).

For a district court to have original diversity jurisdiction over a case, complete diversity must exist between the parties to the dispute. 28 U.S.C. § 1332(a). To satisfy the diversity jurisdiction requirements, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

While Plaintiff provides the requisite membership information for itself, it alleges its belief that Defendant Care Core Health, LLC is an Ohio Corporation with its principal place of business in Ohio. (Doc. No. 1 at 2). But Defendant's name suggests it is an LLC, not a corporation. For its

part, Defendant did not correct the allegations in the Complaint or provide further information about its citizenship. Instead, in response to those jurisdictional allegations, Defendant states only, "Defendant admits that this Court has subject matter jurisdiction, and denies any remaining allegations in Paragraph 5." (Doc. No. 7 at 1). Defendant has not filed a Corporate Disclosure Statement, which is required for nongovernmental corporate parties. *See* Local R. 3.13(b).

Because of these inconsistencies, I am not yet satisfied that this Court has original diversity jurisdiction over the case. As such, I now order the parties to coordinate with one another and supplement the pleadings by filing a joint statement of jurisdiction no later than February 27, 2025.

In the joint statement, the parties must first affirm whether Defendant is: (1) a corporation, as alleged by Plaintiff and seemingly denied by Defendant; or (2) an LLC, as its name suggests. If Defendant is a corporation, the statement shall verify those allegations regarding its place of incorporation and principal place of business, and Defendant must file a Corporate Disclosure Statement. If Defendant is an LLC, the statement must identify each member and sub-member, if applicable, of Care Core Health, LLC. This "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). For each member and sub-member, the statement should include jurisdictional allegations sufficient for me to determine the citizenship of that member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge